RECEIVED
IN MONROE, LA

FEB 29 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARQUIS YOUNG** | **CIVIL ACTION NO. 07-0863** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SCOTT CONSTRUCTION EQUIPMENT COMPANY, LLC** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

This is a race discrimination case brought by Plaintiff Marquis Young against his former employer, Defendant Scott Construction Equipment Company, LLC. Now before the Court is Young's Second Motion for Extension of Time to Serve Defendant ("Motion to Extend"). [Doc. No. 13]. In the instant motion, Young requests (1) that the Court set aside the February 11, 2008 Order of Dismissal [Doc. No. 12] and (2) that he be granted another thirty-day extension to effect service on Defendant.

### I.   Procedural History

This is the second time that Young has raised his discrimination claim in this Court. Young originally filed his discrimination suit more than three years ago, on January 10, 2005, alleging negligence and violations of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981. See Young v. Scott Construction, Co., No. 05-0042, [Doc. No. 20] (W.D. La. Oct. 27, 2005) ("Case # 05-0042"). In Case # 05-0042, Young, as he is in this case, was represented by attorneys George Riess and Grover Hankins.

On July 2, 2005, Defendant filed a Motion to Dismiss in Case # 05-0042. Although the Court granted an extension of time to file a response to that motion, Young never filed a response.

In ruling on the unopposed Motion to Dismiss, the Court dismissed all Young's claims. Specifically, the Court found that Young's Title VII and negligence claims were untimely, and dismissed those claims with prejudice. The Court also dismissed Young's remaining Section 1981 claim without prejudice because <u>service of process was insufficient</u>. <u>Id.</u> [Doc. No. 17 at 3].

More than a year and a half later, on May 21, 2007, Young, acting through the same attorneys, re-filed his lawsuit, this time raising a race discrimination claims under section 1981. Six months later, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Effect Service [Doc. No. 6]. The notice informed Young that his case would be dismissed for failure to prosecute if good cause was not shown why he failed to serve Defendant within 120 days. Eighteen days after that notice was issued, Young filed his first Motion for Extension of Time to Serve Defendant [Doc. No. 7]. Shortly thereafter, the Clerk of Court issued a Notice of Deficiency [Doc. No. 8], noting that the motion was not signed by an attorney or a party. Young corrected the deficiency about three weeks later. [Doc. No. 9]. Magistrate Judge Hayes then granted the extension and gave Young thirty days to serve Defendant. [Doc. No. 10].

On January 24, 2008, the Clerk of Court issued a second Notice of Intent to Dismiss for Failure to Effect Service. [Doc. No. 11]. The notice provided that the "the civil action will be dismissed in its entirety" "[i]f no filing is made within ten (10) calendar days." <u>Id.</u> When Young failed to make a filing within ten days, the Court issued an Order of Dismissal [Doc. No. 12], which provided that the case would be reinstated if good cause was shown within thirty days.

Within the thirty-day window, Young filed the instant Motion to Extend, requesting that the Court reinstate his case and give him, yet again, thirty days to serve Defendant.

**II.   Law and Analysis**

If proper service is not made within 120 days of filing the complaint, the action is subject

2

to dismissal, without prejudice, by the district court after notice to the plaintiff. Fed.R.Civ.P. 4(m). Dismissal is improper, however, "if the plaintiff shows good cause for the failure" to properly effect service. Id. "Good cause" normally requires evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." Lambert v. United States, 44 F.3d 296, 299 (5th Cir.1995) (citing Winters, 776 F.2d at 1306). Inadvertence, mistake of counsel, and ignorance of the rules usually do not suffice. Id.

Young has failed to demonstrate good cause for his failure to serve Defendant. Young claims that his delay was for good cause because "[his] counsel's office was closed in commemoration of the Christmas and New Year's holiday from December 24[] through January 3, 2008." [Doc. No. 13-2 at 3]. Although the law office may have been closed for eleven days during the holidays, the Court, in granting the first extension of time, gave Young thirty days to serve Defendant.

Because Young has failed to demonstrate good cause and has continually failed to effect service in this case and in Case # 05-0042, his Motion to Extend is DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 29 day of February, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3